IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| JERRY MCGHEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:18-cv-00597-LSC |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

**I.   Introduction**

The plaintiff, Jerry McGhee, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). McGhee timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

McGhee was 58 years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a high school education. (Tr. at 19, 44, 150, 157.) His past relevant work is as a security guard. (Tr. at 21, 47, 184-85.) McGhee claims that

he became disabled on June 30, 2014, due to COPD, high blood pressure, heart attacks, chest pain, acute bronchitis, low potassium level in blood, and inability to hear out of his left ear. (Tr. at 15, 150, 157, 182-83.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision

depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. See id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. Id.; see also 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that McGhee met the insured status requirements of the Social Security Act through March 31, 2019. (Tr. at 17.) He further determined that McGhee has not engaged in SGA since June 30, 2014, the alleged onset date of his disability. (*Id*.) According to the ALJ, Plaintiff's hypertension and facet arthropathy of the lumbar spine are considered "severe" based on the requirements set forth in the regulations. (*Id*.) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 18.) The ALJ did not find McGhee's allegations to be totally credible, and he determined that he has the following RFC: to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) except that he cannot climb ladders, ropes, or scaffolds; and cannot have exposure to unprotected heights. (*Id*.)

According to the ALJ, McGhee is capable of performing past relevant work as a security guard. (Tr. at 21.) Thus, the ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, from June 30, 2014, through the date of this decision." (Tr. at 22.)

## II. Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent

conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

### III. Discussion

McGhee alleges that the ALJ's decision should be reversed and remanded for two reasons. First, Plaintiff contends that the ALJ failed to find him disabled pursuant to Grid 202.02 based on his age and limitation to light work. Second, he believes that the ALJ's step four finding regarding his capability to perform past relevant work as a security guard is not supported by substantial evidence.

### A. Grid 202.02 Finding

Issues are waived when a plaintiff does not raise or fully brief them. *See Outlaw v. Barnhart,* 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (finding claimant waived issue because he did not elaborate on it or cite any authority for it); *Sepulveda v. United States Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer arguments on an issue, that issue is abandoned").

Here, McGhee has simply stated that that "the ALJ failed to find McGhee disabled pursuant to Grid 202.02 based on his age and limitation to light work." (Doc. 9 at 23; Doc. 12 at 2.) McGhee provides no further argument or discussion in either his initial brief or his reply brief, other than "[i]f Plaintiff is able to perform light work, he is entitled to benefits under Grid. 202.02". (Doc. 9 at 23; Doc. 12 at 2.) There are no citations to the record nor authorities, which McGhee relies upon. (Doc. 9 at 23; Doc. 12 at 2.) Thus, McGhee has abandoned this issue and it is precluded from consideration.

Nevertheless, this Court will consider McGhee's Grid 202.02 argument. First, when the ALJ is determining whether a claimant can perform his past relevant work, the grids do not apply. *See* 20 C.F.R. pt. 404, subpt. P, app. 2 § 200.00(a). In McGhee's case, the rules within the grids do not apply because the ALJ determined that McGhee was capable of performing his vocationally relevant past work as a

security guard. (Tr. at 21.); *see also Delmonte v. Comm'r of Soc. Sec.,* 585 F. App'x 774, 776 (11th Cir. 2014) ("[The grids] apply only if the administrative law judge determines that a claimant is incapable of performing his past relevant work . . ."). Moreover, McGhee could not meet the requirements of a finding of disability under Grid 202.02 because he has a high school diploma. (Tr. at 44.); *see also* 20 C.F.R. §§ 404.1569, 416.969; 20 C.F.R. pt. 404, subpt. P, app. 2, §§ 200.00(a), 202.02.

Therefore, McGhee is not disabled under Grid 202.02.

**B.     Step Four Finding  - Past Relevant Work Determination**

If a claimant can perform any of his past relevant work, either as he performed it or as it is generally performed, he is not disabled. *See* 20 C.F.R. §§ 404.1520(f), 404.1560(b)(3), 416.920(f), 416.960(b)(3); SSR 82-61, 1982 WL 31387, at *1. Although not required, the ALJ may rely on the services of a VE to determine whether a claimant can return to his past relevant work. *See* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2) (a VE may be able to provide information about the physical and mental demands of a claimant's past relevant work and give an opinion as to whether a claimant can do his past relevant work). Ultimately, a claimant bears the burden of proving that he cannot perform any of his past relevant work. *See Jackson v. Bowen,* 801 F.2d 1291, 1293-94 (11th Cir. 1986).

Substantial evidence supports the ALJ's finding that McGhee is capable of performing past relevant work as a security guard. First, the ALJ determined the requirements of McGhee's past relevant work. (Tr. at 21.) Specifically, the ALJ noted that McGhee's work as a security guard meets the standards for past relevant work set forth by the Agency (20 CFR 404.1565, 416.965). (Tr. at 21, 47.) The ALJ found that McGhee performed the work of security guard within the last fifteen years that lasted long enough for McGhee to learn how to do the job, where he performed at a substantial gainful activity level. (Tr. at 21, 217-24.); *See also* 20 CFR 404.1560(b), 404.1565, 416.960(b), and 416.965.

Moreover, the ALJ determined McGhee's past relevant work requirements by calling a VE, who was present for McGhee's testimony and who provided details about the requirements of McGhee's past work as it is generally performed. (Tr. at 47.) Additionally, the VE gave the Dictionary of Occupational Titles (DOT) code that corresponded to McGhee's past work as a security guard. (Tr. at 47.) The DOT spells out in detail the demands of McGhee's past work as a security guard as it is generally performed. *See e.g.,* DOT 372.667-034, 1991 WL 673100 (Security Guard). The ALJ cited the DOT code for McGhee's past work as a security guard in his decision, and this is the job the VE testified that McGhee could perform given his RFC. (Tr. at 47.) Thus, the ALJ provided substantial evidence to document the

requirements of McGhee's past relevant work as it is generally performed based on the VE testimony and DOT. (Tr. at 21, 47-48.)

Additionally, the ALJ cited McGhee's Work History Report in his decision as to whether Plaintiff was capable of performing past relevant work as a security guard. (Tr. at 21.) The ALJ noted that McGhee worked as a security guard from January 2008 through November 2009. (Tr. at 21, 217.) The ALJ also pointed out that his reported earnings of $14,066.45 in 2008 is above the SGA level for that year. (Tr. at 21, 180.) McGhee's Work History Report notes that McGhee during an eight-hour work day would walk for four hours, stand for two hours, sit for four hours, and lift weight less than ten pounds. (Tr. at 218-24.)

Ultimately, the ALJ developed the record of McGhee's past relevant work as a security guard by reviewing McGhee's Work History Report, McGhee's testimony, the VE's testimony, and the DOT. Therefore, the ALJ's determination was supported by substantial evidence that McGhee could perform his past relevant work of a security guard as actually or generally performed. Thus, the ALJ properly concluded that McGhee was not disabled. *See* 20 C.F.R. §§ 404.1520(f), 404.1560(b)(3), 416.920(f), 416.960(n)(3); *see also Jackson,* 801 F.2d at 1293-94.

In sum, the ALJ's step four finding that McGhee could perform his past relevant work as a security guard is supported by substantial evidence.

## IV. Conclusion

Upon review of the administrative record, and considering all of McGhee's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** and **ORDERED** on March 5, 2020.

                                        L. Scott Coogler
                                  United States District Judge

201416

11